BROWN et al. v. GROSSMAN et al.

(Supreme Court, Appellate Division, First Department. November 6, 1908.)

1. EVIDENCE (§ 315*)—HEARSAY—ADMISSIBILITY.

Testimony by a vendor as to the quantity of goods sold, he testifying from what he was told by his salesman and having no personal knowledge thereof, was hearsay, and inadmissible.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1179; Dec. Dig. § 315.*]

2. SALES (§ 359*)—ACTION FOR PURCHASE PRICE—EVIDENCE—SUFFICIENCY.

In an action for the price of goods claimed to have been ordered by defendants and delivered to a third party, evidence held insufficient to show that the order covered the goods sued for.

[Ed. Note.—For other cases, see Sales, Dec. Dig. § 359.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. TRIAL (§ 165*)—DISMISSAL—TIME—DISMISSAL AFTER VERDICT.
Where the trial judge erroneously submitted the case to the jury, instead
of directing a verdict for defendant, and the jury found for plaintiff, the
judge could not thereafter dismiss the complaint on the merits, but could
only set the verdict aside and order a new trial.
[Ed. Note.—For other cases, see Trial, Dec. Dig. § 165.*]

Appeal from Appellate Term.

Action by Louis Brown and another against Fannie Grossman and
another. From a judgment of the Appellate Term (108 N. Y. Supp.
653), reversing an order and judgment of the City Court setting aside
a verdict for plaintiffs and dismissing the complaint on the merits, de-
fendants, by permission, appealed. Judgment of Appellate Term re-
versed, and judgment of City Court modified, by granting a new trial.

See, also, 109 N. Y. Supp. 670.

Argued before PATTERSON, P. J., and McLAUGHLIN,
LAUGHLIN, HOUGHTON, and SCOTT, JJ.

Harvey C. Price, for appellants.
I. Gainsberg, for respondents.

McLAUGHLIN, J. This action was brought in the City Court to
recover a balance alleged to be due for goods sold and delivered. The
plaintiffs had a verdict for the full amount claimed, which the trial
judge set aside and dismissed the complaint on the merits. The plain-
tiffs thereupon appealed to the Appellate Term, which reversed the
order and judgment of the City Court and reinstated the verdict. The
defendants, by permission, then appealed to this court. The answer
put in issue the material allegations of the complaint.

The plaintiffs' contention was that the goods for which the balance
was sought to be recovered were ordered by the defendants and by
their direction delivered to a third party. The evidence to establish
this fact consisted mainly in a written order, concededly made by the
defendants, which reads as follows:

"New York, Jan. 7, 1907.
"Messrs. Brown and Taub—Dear Sirs: Kindly deliver to Freirich & Sant-
man the goods they ordered on our account, and oblige.
"Respectfully yours, Grossman & Hecht."

On the day this order was written one case of goods was delivered
by the plaintiffs to Freirich & Santman, and the question presented
is whether this order covered other goods which were delivered be-
tween that date and February 13th following. If it did not, then the
plaintiffs were not entitled to recover, because no claim is made that
the first case of goods delivered was not paid for.

There is absolutely no evidence in the case which would justify a
finding that any goods were delivered to Freirich & Santman by direc-
tion of the defendants, except one case which was ordered on the
7th of January, the date of the order above quoted. The witness Sara-
sohn, plaintiffs' salesman, testified that Freirich & Santman, on the 7th
of January, 1907, gave him an order for one case of goods; that he
took it, before delivering the goods, to Brown, one of the plaintiffs,
who said he did not care to sell Freirich & Santman, and thereupon

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the salesman went back to Santman and told him what Brown had said. Freirich & Santman occupied offices with the defendants, who, on being informed that plaintiffs wanted them to guarantee the account, gave to the salesman the order above quoted, and one case of goods was thereafter delivered on that day. Sarasohn further testified, on cross-examination, that the order that Freirich & Santman gave him on the 7th of January was for one case, and he was then told "to send one case, and then he would let me know when again"; that he "had not a certain order then"—that is, when he first talked with one of the plaintiffs—but later in the day, when he went back to Freirich & Santman, he got a specific order, which was "to send one case and he would let us know for the balance."

Brown, one of the plaintiffs, testified that the order was for from three to five cases, but only one case was delivered on the 7th of January; that all he knew about the order was what Sarasohn had told him. The testimony of this witness was stricken out as hearsay, and properly so. All Brown knew about the transaction is what Sarasohn told him, and his testimony clearly shows, taken in connection with the written order, that all the defendants obligated themselves to do was to pay for what goods had then been ordered. These goods had been paid for when the action was brought. There was, therefore, no evidence to sustain the verdict of the jury, and for that reason the trial judge properly set it aside. He should, at the close of plaintiffs' case, have granted defendants' motion and dismissed the complaint, and at the close of the trial should have granted defendants' motion and directed a verdict in their favor. He, however, denied both motions and sent the case to the jury. When the motion was made to dismiss the complaint, or for the direction of a verdict, he could, pending the decision of such motion, submit any question of fact raised by the pleadings to the jury, or require it to assess the damages, and then, after it had rendered a special verdict upon such submission, or assessed the damages, he could pass upon the motion, either to dismiss the complaint or direct such general verdict as either party was entitled to. Section 1187, Code of Civil Procedure. This he did not do. He denied the motions, holding, as we think erroneously, that there were questions of fact to be submitted to the jury; and, it having found for the plaintiffs, all he could do was to set the verdict aside and order a new trial. He could not dismiss the complaint on the merits.

It follows that the determination of the Appellate Term should be reversed, and the judgment of the City Court modified, by granting a new trial, with costs to the defendants in this court and in the Appellate Term. All concur.