(90 Misc. Rep. 353)

CRANE CO. v. NATIONAL NASSAU BANK OF NEW YORK.

(Supreme Court, Appellate Term, First Department. May 13, 1915.)

1. NEW TRIAL ⬥164—DISMISSAL AFTER VERDICT—POWER OF COURT.
    Where the trial judge denied a motion to dismiss the complaint made at the trial and submitted a question of fact to the jury, but after a verdict for plaintiff set it aside, he should have ordered a new trial, and had no right to dismiss the complaint.
    [Ed. Note.—For other cases, see New Trial, Cent. Dig. § 333; Dec. Dig. ⬥164.]

2. CONTRACTS ⬥309—CONSTRUCTION—IMPOSSIBILITY OF PERFORMANCE.
    Where defendant, who was financing a city contractor, and who had taken an assignment of a payment to become due under the contract, promised a materialman to pay him out of such payment, it was an implied provision of the promise that if for any reason outside of its direct action or control, such as the failure of the contractor, no such payment should be made, it would be released from its liability on its promise to the materialman.
    [Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1444–1446; Dec. Dig. ⬥309.]

3. CONTRACTS ⬥322—ACTIONS—IMPOSSIBILITY OF PERFORMANCE—BURDEN OF PROOF.
    In an action on such promise, the materialman made a prima facie case by proving the contract and an assignment of the payment by defendant to a third party, and it then became incumbent upon defendant to show that the assignment was a mere formality to accommodate the city, and that in fact no payment covered by the contract with the ma-

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tcrialman had ever been made because of the contractor's default, or that the materialman had consented to the assignment to the third party.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1306, 1307, 1339, 1347, 1348, 1465, 1492, 1534–1542, 1754, 1768, 1772, 1801, 1802, 1804–1808, 1815, 1816; Dec. Dig. ☞322.]

4. DAMAGES ☞189—ACTION—PROOF OF DAMAGES.

Where, in an action by the materialman on such promise, it failed to prove that the payment was or could have been earned by the contractor, and would in consequence have been received by defendant, it failed to prove any damages from an assignment of the payment by defendant to a third party.

[Ed. Note.—For other cases, see Damages, Cent. Dig. §§ 288, 512; Dec. Dig. ☞189.]

Appeal from City Court of New York, Trial Term.

Action by Crane Company against the National Nassau Bank of New York. From a judgment setting aside a verdict in favor of plaintiff for $720 and dismissing the complaint, plaintiff appeals. Reversed and new trial ordered.

Argued April term, 1915, before GUY, BIJUR, and PENDLETON, JJ.

Henry A. Blumenthal, of New York City (David C. Cohen, of New York City, of counsel), for appellant.

Duer, Strong & Whitehead, of New York City (Henry Selden Bacon, of Rochester, of counsel), for respondent.

BIJUR, J. The complaint alleges that prior to September 30, 1913, defendant was financing one McKinnon, who was a contractor carrying out certain city work; that on that date the defendant agreed to pay the plaintiff $700 out of the third payment under one of McKinnon's contracts, which payment had been theretofore assigned to defendant by McKinnon; that on December 29, 1913, the defendant, "in order to defraud the plaintiff, willfully, wrongfully, and unlawfully assigned the third payment" to one Olvaney without notice to or protection of plaintiff; that the third payment was made by the city about February 11, 1914, but defendant failed to pay the $700 to plaintiff. The material part of the answer alleges that after the promise to plaintiff had been made, McKinnon became unable to complete his contract, and forfeited the same, so that nothing was due him from the city, and that this was known to plaintiff; that upon such default, the defendant, at the request of the city and to prevent the delay and expense of a reletting of the contract, assigned to one Olvaney whatever payments should become due under the old contract, so that Olvaney might complete the work; that defendant had no interest or profit, directly or indirectly, in the assignment, and that at the time thereof no money was due to defendant for a third payment, or otherwise; and that defendant never received any money, directly or indirectly by way of such third payment.

Although there is no allegation in the answer that the assignment to Olvaney was made with the knowledge of the plaintiff (but only that Olvaney's default was so known), the controversy at the trial re-

volved about the former question. Plaintiff, at the trial, proved merely that it had furnished material to McKinnon to the amount of $400 when the defendant's promise was made, and that subsequent thereto it furnished $300 more. The promise of the defendant was made in the form of letters, concerning which there was no controversy. Plaintiff's witnesses further claimed that they knew nothing about the subsequent proceedings, or of McKinnon's operations or financial status, except that McKinnon "stopped after a while." Plaintiff then introduced in evidence a voucher from the city to Olvaney for the third payment. Strange to say, this voucher had indorsed upon it, after Olvaney's name, the statement: "Received payment through the New York Clearing House. The National Nassau Bank of New York." No adequate explanation of this indorsement was given by defendant, and when one of its witnesses, after the case had been reopened, was asked for an explanation of the stamp, the questions were objected to on the ground that the case had not been reopened for that purpose. The bank's witnesses, however, testified, without direct contradiction, that the bank had never received the third payment, and Olvaney himself testified that neither directly nor indirectly had he deposited with the defendant the money represented by the voucher. The witnesses for defendant, in addition to what has just been said about the voucher, testified, in substance, that plaintiff's representatives knew all about the transaction with Olvaney. No competent proof of McKinnon's default was offered by the defendant, it contenting itself, apparently, with an attempt to show that plaintiff's representatives acquiesced, either expressly or impliedly, in the assignment to Olvaney, and that that subject, as well as the default of McKinnon, had been discussed at meetings at which plaintiff's representatives were present.

At the close of plaintiff's case no motion to dismiss was made. At the close of defendant's case, defendant's counsel moved to dismiss on the ground that plaintiff (a foreign corporation) had not proved its right to do business in this state, or to sue in this state (an allegation put in issue by the answer), and on the further ground that no cause of action had been proved against the defendant, and that it had not been shown that defendant had received this payment or derived any benefit from the contract. The court reserved its decision, and thereafter the case was reopened and the evidence of Olvaney that he had not deposited the third payment with the defendant was introduced. Defendant then renewed its motion to dismiss on the grounds just mentioned, which motion was there denied, and defendant excepted. Plaintiff's counsel thereupon requested to go to the jury upon all the issues. The court ruled that there was no evidence from which the jury could draw a conclusion of fraud, and that the essential question for the jury was that of the consent of the plaintiff to the assignment. Both sides excepted to this ruling, and defendant also asked to go to the jury on all questions of fact, which request was overruled, and defendant excepted. The judge then charged the jury, in substance, to determine whether the plaintiff had expressly or impliedly consented to the assignment to Olvaney; that the burden of showing such knowledge or consent on the part of the plaintiff was upon the defendant,

that if they found such consent to have been given, the verdict should be for the defendant; and that if they found that it had not been given, the verdict must be for the plaintiff for the sum of $700, plus the agreed amount of interest, $27. Defendant excepted to that part of the charge which stated that the burden was on the defendant to prove knowledge or acquiescence on the part of the plaintiff. Some other exceptions and requests to charge are shown by the record, but they are not material on this appeal. The jury rendered a verdict for plaintiff in the amount of $727, which the court thereafter, on motion of the defendant, set aside, *and dismissed the complaint.*

[1] It is at once apparent that, in the state of the record, when the learned judge below set the verdict aside, he had no right to dismiss the complaint (Brown v. Grossman, 128 App. Div. 496, 112 N. Y. Supp. 827), but should have ordered a new trial. It may be that on this appeal that error would become merely technical, if this court should determine that the complaint should have been dismissed at the close of defendant's case when defendant made its motion to that effect, and that this court might, under the liberal provisions of section 1317 of the Code of Civil Procedure, although disapproving the practice followed in the court below, nevertheless itself dismiss the complaint; but this question, as I shall show, need not be decided.

[2] On the pleadings and the proofs, it is evident that the plaintiff disclosed a possible cause of action. The defendant, having for a good consideration promised to pay plaintiff $700 out of the third payment to be received by defendant, impliedly covenanted to do nothing of its own motion to disable itself, directly or indirectly, from receiving this third payment upon the familiar principle which is followed in a long line of cases, beginning with Stirling v. Maitland, 5 B. & S. 840, Ogdens v. Belcher, 2 K. B. (1904) 410, and running through Horton v. Hall & Clark Co., 94 App. Div. 404, 88 N. Y. Supp. 73; Hearn v. Stern & Bro., 111 App. Div. 101, 97 N. Y. Supp. 566; Wells v. Alexandre, 130 N. Y. 642, 29 N. E. 142, 15 L. R. A. 218; Genet v. D. & H. Canal Co., 136 N. Y. 593, 608, 609, 32 N. E. 1078, 19 L. R. A. 127; Wilson v. Mechanical Organette Co., 170 N. Y. 542, 63 N. E. 550.

On the other hand, the contract may properly be construed as containing a further implied term, to the effect that if for any reason outside of either direct action or control of the defendant (such, for example, as the failure of McKinnon) no third payment should be made, the defendant would be released from its liability on its promise to plaintiff. See Krell v. Henry (1903) 2 K. B. 740; Lorilard v. Clyde, 142 N. Y. 456, 463, 37 N. E. 489, 24 L. R. A. 113; Abbaye v. U. S. Motor Cab Co., 71 Misc. Rep. 454, 128 N. Y. Supp. 697, 699.

[3] Upon this analysis, therefore, it is clear that after plaintiff had proved the contract and the assignment of the third payment by the defendant to Olvaney, it had made out a prima facie case. It thereupon became incumbent upon the defendant to show that the assignment to Olvaney was a mere formality to accommodate the city, and that in point of fact no direct payment covered by the contract of the plaintiff had ever been made, because of McKinnon's default, or else, apart from any reasons therefor, that the plaintiff had consented to

the assignment to Olvaney, and had thereby discharged the defendant from liability under its promise. As I have indicated above, however, no competent proof of McKinnon's default was offered, and apparently the only defense proved was that plaintiff had consented to the assignment; although, as I have also indicated, when the testimony is examined, the evidence was directed to show only that plaintiff was aware of the fact that McKinnon had failed to complete his contract.

[4] On the other hand, plaintiff, never having even undertaken to prove that the third payment was or could have been earned by McKinnon, and would in consequence have been received by defendant, proved no damages; but of this failure of proof on the part of plaintiff defendant took no advantage, making no reference thereto on its motion to dismiss.

Finally, so far as the record discloses, all sight seems to have been lost of defendant's objection that plaintiff had not proved its capacity to sue in this state; and the question whether defendant actually received the money paid Olvaney by way of third payment also remained apparently unanswered.

I confess that after a careful reading of the record I cannot understand on what theory plaintiff expected to recover upon the evidence adduced by it, nor upon what theory defendant based its defense. Under the circumstances, the attempt of the learned judge below to limit the deliberations of the jury to the single issue of the knowledge and acquiescence of the plaintiff in respect of the assignment by defendant to Olvaney proves unavailing. The only possible solution seems to be a new trial, at which the issues presented by the pleadings may be properly presented and tried out.

Judgment and order reversed, and new trial ordered, without costs of this appeal to either party. All concur.